# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

ANJAKNIE ROUNDTREE-McCROREY,
    *Plaintiff*,

v.

AMTRAK *et al.*,
    *Defendants*.

No. 3:22-cv-491 (JAM)

## ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED

Anjaknie Roundtree-McCrorey has filed *in forma pauperis* a *pro se* complaint against Amtrak, the Metropolitan Transit Authority, and the Connecticut Department of Transportation (CTRail). But because it appears that the complaint fails to allege facts giving rise to a plausible ground for jurisdiction or relief, the Court shall require Roundtree-McCrorey to file an amended complaint or a response by **May 5, 2022** explaining why the complaint should not be dismissed.

### BACKGROUND

Roundtree-McCrorey alleges that she bought a train ticket from New Haven to Hartford.[1] She claims, however, that a security guard ordered her out of the New Haven train station about ten minutes before midnight, causing her to miss her train. She adds that she was "verbally attacked" and was "harassed" by security guards and that she feared for her safety when she could not get a train until the morning.[2] She brings claims for endangerment, harassment, and violation of individual rights, and she seeks $200,000 in damages.[3]

### DISCUSSION

The Court has authority to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). To be

---

[1] Doc. #1 at 2.
[2] *Ibid*.
[3] *Id*. at 3–4.

1

sure, if a plaintiff is *pro se*, the Court must give her complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Roundtree-McCrorey may promptly respond or file an amended complaint that addresses these concerns.

Roundtree-McCrorey's complaint does not identify proper grounds for federal subject matter jurisdiction. A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Yet Roundtree-McCrorey's complaint does not have that. Under the "Jurisdiction" section of the form complaint that she filed, she states "New Haven, Connecticut."[4] But "jurisdiction," in this context, means the source of the Court's power to hear her case—not simply where she lives or where the events took place.

Nor can I infer the source of federal jurisdiction from the rest of the complaint. The complaint does not appear to present a substantial federal question: Roundtree-McCrorey brings claims for endangerment, harassment, and violation of rights, but does not identify any federal rights she thinks the defendants violated. *See* 28 U.S.C. § 1331. There is no diversity jurisdiction, because Roundtree-McCrorey alleges that all the parties are from Connecticut.[5] *See* § 1332. And without jurisdiction over the case, I must dismiss it. Fed. R. Civ. P. 12(h)(3). Nor does it appear

---

[4] *Id.* at 2.
[5] *Id.* at 1.

2

that there are any plausible grounds for relief simply for being told by security guards to leave a train station at midnight when the station is closing.

## CONCLUSION

It appears that the complaint is subject to dismissal under § 1915(e)(2)(B). But if Roundtree-McCrorey has grounds to file an amended complaint or to show why the complaint should not be dismissed, she may file a response to this order to show cause by **May 5, 2022**.

It is so ordered.

Dated at New Haven this 21st day of April 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge